UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN ARNOLD GOODWIN, *Pro Se*, ) | | Case No.: 1:20 CV 673 |
| ) | | |
| Plaintiff ) | | |
| ) | | JUDGE SOLOMON OLIVER, JR. |
| v. ) | | |
| ) | | |
| APA PAROLE BOARD, ) | | |
| ) | | |
| ) | | MEMORANDUM OF OPINION |
| Defendant ) | | AND ORDER |

*Pro Se* Plaintiff Jordan Goodwin, a prisoner in the Cuyahoga County Jail, has filed a civil rights Complaint against PRC Officer Toney Lucadett, alleging he is being illegally detained in the jail beyond his release date in connection with a state criminal conviction. (Doc. No. 1 at 3.) He seeks $75 in damages for "everyday that [he] should have had [his] liberty" from the living conditions in the jail. (*Id*. at 5.)

**Standard of Review**

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to review any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* pleadings are liberally

construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* complaints must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face in order to avoid dismissal for failure to state a claim. *Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs dismissals of *pro se* complaints under 28 U.S.C. § 1915A).

## Discussion

Upon review, the court finds that the Plaintiff's Complaint must be dismissed. His allegations even liberally construed are insufficient to allege a plausible federal civil rights claim under 42 U.S.C. § 1983.

The Plaintiff's allegations of unlawful incarceration beyond his release date relate directly to the duration of his confinement under a state criminal judgment and may not be presented under § 1983 unless or until he achieves a favorable determination of his claim through state remedies or federal *habeas corpus*. "[*H*]*abeas corpus* is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). In *Heck*, the Supreme Court held that in order for a plaintiff to pursue a damage claim under 42 U.S.C. § 1983 for an "allegedly unconstitutional conviction or imprisonment," the plaintiff must first demonstrate that the conviction or imprisonment at issue has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of *habeas corpus*. *Id.* at 486-87. The Plaintiff has not alleged or demonstrated that his challenged confinement has been invalidated or called into question in any of the ways articulated in *Heck*.

## Conclusion

Accordingly, the Plaintiff's Complaint fails to state a cognizable claim upon which he may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915A.[1] In light of this ruling, the Plaintiff's motion to proceed in forma paueris (Doc. No. 2) is denied as moot. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 2, 2020

---

[1] This dismissal is without prejudice to Plaintiff's ability to re-file an action under § 1983 upon the showing required by *Heck*.